**Order entered August 13, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00267-CR
No. 05-13-00268-CR
No. 05-13-00269-CR

**CHRISTOPHER JAMES RYALS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F05-18864-U, F12-40687-U, F12-41706-U**

## ORDER

The Court has before it appellant's August 5, 2013 motion to extend time to file his brief. In the motion, counsel states the record is not complete. The Court has reviewed the record before it and determined the following.

- In cause no. 05-13-00267-CR, it appears a plea hearing was conducted on November 2, 2005 and a punishment hearing was conducted on January 19, 2006. The records of these hearings have not been filed, and the Court cannot determine from the clerk's record who recorded the hearings.

- In cause no. 05-13-00268-CR, a plea hearing was conducted on June 20, 2012. The docket sheet contained in the clerk's record reflects that Winnie Lacy recorded the hearing.

- In all three cases, a hearing was conducted on February 13, 2013. The reporter's record of this hearing has been filed.

Accordingly, the Court **ORDERS** the trial court to conduct a hearing to determine the following:

- *As to cause no. 05-13-00267-CR*, (1) whether hearings were conducted on November 2, 2005 and January 19, 2006; (2) if hearings were conducted on those dates, whether the hearings were recorded; (3) if the hearings were recorded, the name of the court reporter(s) who recorded the hearings; (4) whether the notes are available and can be transcribed; (5) if the notes are available, the date by which the records will be filed; and (6) if the notes are not available or cannot be transcribed, whether appellant is at fault for the loss or destruction of the notes and whether the parties can agree on a substituted record.

- *As to cause no. 05-13-00268-CR*, (1) whether the notes of the June 20, 2012 hearing are available and can be transcribed; (2) if the notes are available, the date by which the record will be filed; and (3) if the notes are not available or cannot be transcribed, whether appellant is at fault for the loss or destruction of the notes and whether the parties can agree on a substituted record.

We **ORDER** the trial court to transmit a record of the proceedings, including its written findings of fact, any orders, and any supporting documentation to this Court within **THIRTY DAYS** of the date of this order.

We **ABATE** the appeals to allow the trial court to comply with the order. The appeals shall be reinstated thirty days from the date of this order or when the findings are received.

/s/     LANA MYERS
JUSTICE